**Bessie Irene WALTZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

**No. 10–15713.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2011.*

Filed Feb. 23, 2011.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. ¶. 34(a)(2).

James Joseph Banks, Banks & Watson, Sacramento, CA, for Plaintiff–Appellant.

David Taylor Shelledy, Assistant U.S. Attorney, USSAC–Office of The U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Bessie Waltz appeals from the district court's dismissal of her claim under the Federal Tort Claims Act for lack of subject matter jurisdiction. She argues that she is entitled to equitable tolling of the limitations period established in 28 U.S.C. § 2401(b). However, as Waltz admits, we have previously held that § 2401(b) establishes a jurisdictional limitation that is not subject to equitable tolling. *See Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir.2009) ("[W]e hold that the six-month statute of limitations in § 2401(b) is jurisdictional and that failure to file a claim within that time period deprives the federal courts of jurisdiction. Accordingly, the doctrines of equitable es-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

toppel and equitable tolling do not apply."). Contrary to Waltz's assertions, the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick,* —— U.S. ——, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010), did not overturn this decision, and *Marley* continues to control.

AFFIRMED.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.